UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 07-113-DCR |
| | ) | Civil Action No. 6: 11-7193-DCR |
| V. | ) | |
| | ) | |
| WILLIE DEE CRUMPLER, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant/Movant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

*Pro Se* Defendant Willie Dee Crumpler has moved the Court to appoint counsel in connection with his motion to vacate, correct or set aside his sentence. [Record No. 57] In support, the defendant asserts that: (i) his mental and physical condition is deteriorating with age; (ii) his understanding of legal issues is below average; (iii) he must rely upon legal assistance in this litigation; and (iv) he is subject to unexpected transfers by the Bureau of Prisons. However, a cursory review of this matter indicates that appointment of counsel is not warranted.

Initially, the Court notes that the United States Constitution does not provide a right to appointed counsel in collateral proceedings. *See Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005).[1] For most motions filed seeking habeas relief, requests for appointment of counsel should be considered under 18 U.S.C. § 3006A. *See* 28 U.S.C. § 2255(g). Counsel should be

---

[1] Precedent under 28 U.S.C. § 2254 may be applied, when appropriate, to § 2255 cases. *See Davis v. United States*, 94 S.Ct. 2298, 2304 (". . . § 2255 was intended to mirror § 2254 in operative effect. . . ."); *United States v. Vancol*, 916 F. Supp. 372, 377 n.3 (D.Del. 1996)

appointed "'if given the difficulty of the case and the litigant's ability, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with a lawyer at his side'." *Thirkield v. Pitcher*, 199 F. Supp.2d 637, 653 (E.D. Mich. 2002) (quoting *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997). Ultimately, however, the decision to appoint counsel rests within the sound discretion of the court, based on the interests of justice and due process. *See* 18 U.S.C. § 3006A(a)(2)(B).

Here, Crumpler seeks to raise one or more issues through his habeas motion which were litigated on direct appeal to the United States Court of Appeals for the Sixth Circuit. [Record No. 50] The Sixth Circuit's resolution of those claims would appear to bar further litigation of those issues. Additionally, the Sixth Circuit has concluded that Crumpler's guilty plea was a knowing and voluntary plea pursuant to a written plea agreement containing an enforceable waiver provision. To establish a claim of ineffective assistance of counsel, Crumpler will be required to overcome the effect of this waiver provision.

In short, having considered the nature and grounds for the relief sought, the Court does not believe that counsel should be appointed. The issues raised in Crumpler's habeas motion are clear and can be determined from the record as supplemented by the parties. And Crumpler's chances of success would not be increased by the appointment of counsel. Therefore, the Court concludes that it would be a waste of resources to appoint counsel for him. Accordingly, it is hereby

**ORDERED** that Defendant/Movant Wille Dee Crumpler's Motion to Be Recognize as Legal Assistance, construed as a motion for appointment of counsel, [Record No. 57] is **DENIED**.

This 16th day of December, 2011.

Signed By:
*Danny C. Reeves* DCR
United States District Judge